**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Terry NORRIS, Defendant–Appellant.**

**No. 10–10094.**

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2011.*

Filed March 24, 2011.

Christina M. McCall, Assistant U.S., Office of the U.S. Attorney, Oakland, CA, for Plaintiff–Appellee.

James Phillip Vaughns, Oakland, CA, for Defendant–Appellant.

Before: WALLACE, FERNANDEZ, and CLIFTON, Circuit Judges.

**MEMORANDUM ***

Terry Norris appeals his conviction for possessing a firearm in furtherance of a drug trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A). We affirm.

Norris' sole claim is that the district court erred when it denied his motion to withdraw his guilty plea to that crime. However, we have reviewed the record and we cannot say that the district court abused its discretion [1] when it determined

---

1. *See United States v. Briggs,* 623 F.3d 724, 727 (9th Cir.2010); *United States v. Ortega–Ascanio,* 376 F.3d 879, 883 (9th Cir.2004).

that his claim of mental impairment at the time of the plea colloquy did not spell out a fair and just reason to withdraw the plea.[2] His statements under oath at the time of the plea undercut his present claims of clouded understanding and misunderstanding,[3] as does the fact that he had known of the five-year mandatory minimum sentence, which he agreed to, for quite some time before he pled. Under the circumstances, acceptance of Norris' claim would leave the results of plea hearings little "more than ephemeral." *United States v. Rios–Ortiz,* 830 F.2d 1067, 1070 (9th Cir. 1987).

AFFIRMED.

**2.** *See* Fed.R.Crim.P. 11(d)(2)(B); *Briggs,* 623 F.3d at 728; *Ortega–Ascanio,* 376 F.3d at 883.

**3.** *See United States v. Ross,* 511 F.3d 1233, 1236–37 (9th Cir.2008); *United States v. Nostratis,* 321 F.3d 1206, 1210 (9th Cir.2003); *United States v. Signori,* 844 F.2d 635, 639

(9th Cir.1988); *United States v. Castello,* 724 F.2d 813, 815 (9th Cir.1984); *see also United States v. Myers,* 993 F.2d 713, 714–15 (9th Cir.1993).